CUSTOM BUILDERS, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Custom Builders, Inc. v. Commissioner
Docket No. 11161-87
United States Tax Court
T.C. Memo 1989-620; 1989 Tax Ct. Memo LEXIS 620; 58 T.C.M. (CCH) 696; T.C.M. (RIA) 89620; 11 Employee Benefits Cas. (BNA) 2238; November 16, 1989
Dean B. Rhoads and David L. Higgs, for the petitioner. Michael W. Bitner and David A. Mustone, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in the Federal income tax of petitioner for the taxable year 1978 in the amount of $ 92,907. The issue for our decision is whether, in deciding the deductible limits under section 404(a)(1)(A), [1] the cost of benefits accruing under Custom Builders, Inc.'s defined benefit pension plan for the 1978 plan year should have been allocated between normal (current service) cost and past service liability. *622 FINDINGS OF FACT Some of the facts of this case have been stipulated and are so found. The stipulation of facts and accompanying exhibits are incorporated by this reference. Custom Builders, Inc. (petitioner), is a corporation organized under the laws of the State of Illinois. Its principal place of business was in Peoria, Illinois, during the taxable year 1978 and at the time it filed the petition in this case. On December 30, 1978, petitioner adopted the Custom Builders, Inc., Defined Benefit Pension Plan (the Plan) with an effective date of January 1, 1978. Section 02.02 of Article II of the Plan defines a participant's accrued benefit as follows: "Accrued Benefit" means a monthly pension payable on the applicable basis noted in the Plan, commencing on the Participant's Normal Retirement Date, which is equal to one-twelfth (1/12) of the sum of (a) and (b) below, reduced by (c) below: (a) fifty-five percent (55%) of Considered Compensation for the first year of Participation on or after January 1, 1978; plus, (b) for each additional year *623 of participation thereafter, not in any case to exceed four (4) additional years of participation, three percent (3%) of Considered Compensation for each such additional year of participation; less (c) twenty-four percent (24%) of the Primary Social Security Benefit proportionately accrued in the ratio to gross benefit accruals (per (a) and (b) above) during the Years of Participation considered under (a) and (b) above. Four employees of petitioner were participants in the Plan for the 1978 Plan year. The employees and their length of employment with petitioner as of January 1, 1978, were as follows: Victor Heuermann
--
8 years, 4 months
Theresa Heuermann
--
8 years, 4 months
Fred Leuallan
--
6 years, 0 months
Richard Schifeling
--
0 years, 10 months
During 1978, the four participants earned the following amounts of "Considered Compensation" as defined in the Plan: Victor Heuermann
--
$ 103,500
Theresa Heuermann
--
50,000
Fred Leuallan
--
14,650
Richard Schifeling
--
14,980
An actuarial valuation of the Plan as of December 31, 1978, was performed by petitioner's actuary, Joseph Beres (Beres). The funding method used *624 in the actuarial valuation was the unit credit cost (accrued benefit) method. Pursuant to the provisions of the Plan, the "Annual Accrued Benefits" determined by Beres for the four employees for the 1978 Plan year were as follows: Employee
Annual Accrued Benefit
Victor Heuermann
$ 55,616
Theresa Heuermann
26,183
Fred Leuallan
6,944
Richard Schifeling
7,137
Beres determined the "Annual Normal Costs" for the four employees for the 1978 Plan year were as follows: Employee
Annual Normal Cost
Victor Heuermann
$ 386,359
Theresa Heuermann
170,936
Fred Leuallan
23,738
Richard Schifeling
68,625
Total
$ 649,658
In performing the actuarial valuation, Beres determined that all benefits accrued by the participants under the Plan in 1978 were attributable to current service, and, therefore, the corresponding liabilities and costs were allocable entirely to normal cost under the unit credit cost method. He determined that the cost of benefit liabilities for 1978 was $ 649,658, all of which was allocated to normal cost. Petitioner contributed this amount to the Plan in September of 1979 and deducted *625 the entire amount on its 1978 Federal income tax return, the time for the filing of which had been extended to September 15, 1979. The Commissioner determined a deficiency in petitioner's Federal income tax for the taxable year 1978 in the amount of $ 92,907. The Commissioner determined that the total cost of benefit liabilities under the Plan for 1978 was $ 549,031.95. Of this amount, $ 103,119 was allocated to normal cost with the balance going to past service liability. As a result, only $ 158,117 of petitioner's total 1978 contribution to the Plan ($ 649,658) was deductible in 1978. OPINION The parties agree that the Plan was qualified under section 401(a) in the 1978 Plan year. The issue for our decision is whether, under section 404(a)(1)(A), the cost of the accrued benefits under petitioner's Plan must be allocated between the cost of benefits attributable to service in 1978 and the cost of benefits attributable to service in prior years. In Jerome Mirza & Associates, Ltd. v. United States, 882 F.2d 229 (7th Cir. 1989), affg. 692 F.Supp. 918 (C.D. Ill. 1988), the taxpayer, Jerome Mirza & Associates, Ltd., established a pension plan in *626 1980 to provide pension benefits for two of its employees, Jerome Mirza (Mirza) and David Dorris (Dorris). At the time the plan was adopted in 1980, the employees, their length of employment with the taxpayer, and salary for 1980 were as follows: Years of
Employee
Service
Salary
Jerome Mirza
7 years
$ 275,000
David Dorris
5 years
27,000
Pursuant to the provisions of the plan the taxpayer's actuary, Joseph Beres, calculated the annual accrued benefit for Mirza and Dorris for the 1980 plan year to be $ 80,927 and $ 1,215. In performing the actuarial valuation using the unit credit cost method, Beres calculated that the present value of the future benefits under the plan to be $ 625,925. The taxpayer deducted this entire amount for the taxable year 1980 as the "normal cost" of the plan pursuant to section 404(a)(1)(A)(iii). The Commissioner determined that $ 63,758.74 of the benefits should be allocated to normal cost and $ 378,251 allocated to past service costs. The Commissioner determined that, with respect to past service costs, only an amount sufficient to fund a level of amortization over 10 years was currently deductible. The Commissioner, *627 therefore, determined this amount to be $ 52,194.97. One of the issues before the District Court was whether, pursuant to section 404(a)(1)(A), the benefits accruing under the taxpayer's plan for the 1980 plan year should have been allocated between normal cost and past service liability. The District Court sustained the Commissioner's determination. In so doing, it found that under section 404(a)(1)(A)(iii) the maximum amount deductible of a contribution to a qualified pension plan in a particular taxable year is: an amount equal to the normal cost of the plan, as determined under regulations prescribed by the Secretary, plus, if past service or other supplementary pension or annuity credits are provided by the plan, an amount necessary to amortize such credits in equal annual payments (until fully amortized) over 10 years, as determined under regulations prescribed by the Secretary. It went on to find that the regulations require that pension plans make a reasonable allocation between past and current service. The allocation between past and future service in a career average pay plan must be reasonable. Sec. 1.412(c)(3)-1(e)(3), Income Tax Regs. Because the taxpayer's *628 plan provided benefits based upon pay in certain plan years, the District Court decided that it was a career average type plan and must therefore comply with the command of section 1.412(c)(3)-1(e)(3), Income Tax Regs.
In disqualifying the taxpayer's argument that section 1.412(c)(3)-1, Income Tax Regs., only applies to plan valuations after April 30, 1981, the District Court found that pursuant to section 1.412(c)(3)-2(b)(3), Income Tax Regs.: The reasonableness of a funding method used in making a valuation of a plan's liability as of a date before the effective date determined under subparagraph (1) or (2) of this paragraph is determined on the basis of such published guidance as was available on the date as of which the valuation was made. The District Court found that clear "published guidance" was available on which the taxpayer could have relied upon prior to the plan's 1980 valuation. First, Rev. Rul. 59-67, 1959-1 C.B. 87, required that an employer's contribution under a qualified pension plan made on account of service rendered prior to the year of contribution be considered under section 404 as amounts paid to fund the cost of past service credits, despite *629 the fact that the contribution was allocated among participants on the basis of current compensation. Second, sections 1.404(a)-6(a)(2) and (3), Income Tax Regs., refer to the necessary allocation of an accrued benefit under a defined pension plan between current and past service if the benefit was earned due to performance of past service. Finally, the District Court found that section 415(b)(5) would have placed a limitation on Mirza's accrued benefit if the plan were to remain qualified. Section 415(b)(5) provided in 1980 that the benefits of a participant in a pension plan who has less than 10 years of service with the employer cannot exceed the lesser of $ 110,625 or 100 percent of the participant's average compensation for his 3 highest paid years, times the number of years of service divided by ten. Mirza's ability to accrue a benefit of $ 80,927 in 1980 was due solely to his 7 years of prior service, and, therefore, the section 415 limitation was computed using the 7 years of prior service as $ 110,625 times eight tenths or $ 88,500. In order to accrue a benefit in excess of $ 11,062 in 1980, the District Court concluded that Mirza needed past service and, therefore, *630 the taxpayer's allocation of the entire deduction to normal cost under section 404(a)(1)(A)(iii) was unreasonable. The Seventh Circuit Court of Appeals affirmed the District Court holding that the taxpayer failed to established that it was entitled to deduct as normal cost the entire cost of funding the pension plan's benefits in 1980. The court found that there was no authority whatsoever to support the taxpayer's position. In addition, the Seventh Circuit reasoned that if the taxpayer's position were upheld, the last part of section 404(a)(1)(A)(iii), which provided for the amortization of the cost of past service credits, would be eliminated. It went on to state: It is simply inconceivable that Congress would take pains to provide for the amortization of past service credits but intended to allow taxpayers to circumvent this requirement by the device of structuring their plans to accrue benefits in a single year. Moreover it is equally implausible that Congress intended to allow taxpayers to derive benefits from past service under section 415 while ignoring this past service when it would not be beneficial. [Jerome Mirza & Associates, Ltd. v. United States, supra at 232.] *631 The facts in the instant case are indistinguishable from those in Mirza. As in Mirza, the Plan in the instant case provides benefits based upon pay in certain plan years and is a career average pay plan. Using the unit credit cost method, the normal cost is the present value of the benefits accruing for the plan year. Pursuant to the provisions of the Plan, the actuary, Joseph Beres, determined that the accrued benefits under the Plan for 1978 were attributable to current service, and, therefore, the corresponding liabilities and costs were allocable entirely to normal cost. He determined that the present value of accrued benefits for all participants in the plan's inception year were allocable to normal cost. This amount was contributed to the plan and deducted accordingly. As any appeal in this case would lie to the United States Court of Appeals for the Seventh Circuit, we are bound to follow the holding of the Seventh Circuit in Jerome Mirza & Associates, Ltd. v. United States, supra.Golsen v. Commissioner, 54 T.C. 742, 756-758 (1970), affd. 445 F.2d 985 (10th Cir. 1971). After analyzing the relevant Internal *632 Revenue Code sections, regulations, and published guidance available as of December 30, 1978, and available as of December 31, 1980, we have found that no substantial changes have taken place which would call for a different result in the instant case. In accordance with Mirza, we hold that petitioner was not entitled to deduct the entire cost of benefits accruing under the Plan for the 1978 Plan year. Petitioner must allocate the participant's potential benefits under the Plan between past service cost and normal cost and compute therefrom the allowable deduction pursuant to section 404(a)(1)(A)(iii). Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all section numbers refer to the Internal Revenue Code in effect for the taxable year 1978.↩